## SARGENT & al. vs. CARR.

Whether, prior to *stat.* of 1835, *ch.* 188, the personal property of a debtor, under pledge to one creditor, could be attached at the suit of another, after paying or tendering to the former the full amount of his lien, *dubitatur.*

THIS was an action of trespass for taking and carrying away a horse, alleged to be the property of the plaintiffs, who claimed him under a sale from one *William Byrne,* to secure them for a liability entered into for him. The defendant justified as an officer, he having taken the horse on a writ against *Byrne,* in favor of one *Nicholas Coffee,* the latter having tendered to the plaintiffs, before his attachment, a sum intended to cover the whole amount of the plaintiffs' lien upon the property. And the principal question, raised upon the exceptions to the ruling of the Judge in the Court of Common Pleas, was, whether *Coffee's* attachment, under the circumstances, was valid and sustainable at law; though the jury found that *Coffee* was not a *bona fide* creditor.

*J. Appleton,* and *F. H. Allen,* for the defendant, insisted that after the tender and the attachment, the defendant had the same rights, so far as it regarded the claim of the plaintiffs, that *Byrne* himself had, citing *Badlam v. Tucker,* 1 *Pick.* 399; *Van Antwerp* v. *Newman,* 2 *Cowen,* 543; 4 *Dane's Abr.* 466.

By the tender and refusal, the lien of the pledgee was dissolved. 2 *Kent's Com.* 450; *Yelv.* 179; *Story on Bailments,* 231; *Jarvis* v. *Rogers,* 15 *Mass.* 389.

They also argued upon other points, citing authorities, upon which no opinion was given by the Court.

*Rogers,* for the plaintiffs.

WESTON C. J. — In *Badlam v. Tucker & al.* 1 *Pick.* 389, the Court say, that it is only by statute, that equities, or rights to redeem, are subject to attachment by ordinary process; and that no statute had authorised the attachment of such an interest in personal property. They decide, therefore, that it cannot be done by a creditor, adding, " unless, perhaps, he may first remove

the incumbrance, and then lay an attachment on the property, as to which, however, we give no opinion."

In *Holbrook* v. *Baker*, 5 *Greenl.* 309, the late Chief Justice, in delivering the opinion of this Court, says, "we know of no law, which authorises a creditor to attach or seize on execution a right to redeem a chattel. Our statute relates only to the right of redeeming real estate." And he adverts to the case of *Badlam* v. *Tucker*, as an authority, "at least in those cases, where the money due to the mortgagee has not been paid or tendered." From these cases, the law is very clearly laid down, that such an interest is not attachable. It is true there is an intimation, that possibly, upon payment or tender of what is due, an attachment might be sustained. But in the one case, the court expressly withhold giving any opinion to this effect ; and the other merely notices the suggestion in referring to that case. We are not aware of any authority, in which an expedient of this sort has been the subject of discussion ; or that it has been sustained by any direct decision. It seems to have been generally regarded as too doubtful and uncertain, to attempt its enforcement at law.

The sense of the community rather seems to have been, that to make property of this description accessible to creditors, some interposition was necessary on the part of the legislature. Accordingly by the *statute* of 1835, *ch.* 188, provision is made to enable a creditor to avail himself of his debtor's property pledged or mortgaged, first securing to the pledgee or mortgagee, what is fairly due to him. The tender in behalf of the plaintiffs in the writ, under which the attachment was made in the case before us, was before the passage of the law referred to. The right to do so, to say the least of it, before the law, is of so doubtful a character, that we do not feel warranted, upon its assumption, to disturb the verdict rendered for the plaintiffs. It does not appear to us that there was, prior to the law, sufficient authority for declaring this an exception to the principle of law, which had been previously fully settled, that an interest of this kind was not attachable. Upon this ground the verdict is right ; although the Judge, in the court below, took a different view of the law. It is a result little to be regretted, as the jury have found that the party, for whom the defendant acted, was not a *bona fide* credit-

or. If the note, upon which the attachment was made, was without consideration, and the holder was apprized of that fact, we are not prepared to say, that the plaintiffs were obliged to yield to the demand of such a pretended creditor, or that they might not resist at law his right to interpose. But upon this point we give no decisive opinion, holding as we do, that the attachment, under which alone the defendant could justify in any view of it, must be regarded as without legal validity.

*Exceptions overruled.*